UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON A. EARLE,<br><br>   Petitioner,<br><br>   v.<br><br>STU SHERMAN,<br><br>   Respondent. | No. 2:19-cv-2629 KJM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges the gun-use enhancement imposed on his 2015 convictions for second degree robbery and corporal injury upon a spouse. Before the court is: (1) respondent's motion to dismiss the petition as untimely or, in the alternative, because petitioner failed to exhaust his state remedies; and (2) petitioner's motion for the appointment of counsel. For the reasons set forth below, this court will recommend the court dismiss this action for untimeliness. In addition, this court will deny petitioner's motion for appointment of counsel.

## BACKGROUND

Petitioner plead no contest to second degree robbery and corporal injury upon a spouse. He also admitted a gun use enhancement, which increased his sentence by ten years. Petitioner was

////

////

sentenced on September 24, 2015, to a determinate state prison term of twelve years.  (Lodged Documents ("LD") 1, 2.[1])  Petitioner did not appeal.

Petitioner then filed four state habeas petitions:

1. October 22, 2019 – Petition for writ of habeas corpus filed in the Sacramento County Superior Court.  (LD 3.)  Petition denied on December 5, 2019.  (LD 4.)

2. December 15, 2019 - petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District.  (LD 7.)  Petition denied on January 9, 2020.  (LD 8.)

3. December 19, 2019 - petition for writ of habeas corpus filed in the Sacramento County Superior Court.  (LD 9.)  Petition denied on March 2, 2020.  (LD 10.)

4. January 9, 2020 - petition for writ of habeas corpus filed in the California Supreme Court.  (LD 11.)  Petition denied on April 1, 2020.  (LD 12.)

Petitioner filed the present federal habeas petition on December 26, 2019.  (ECF No. 1.)  While somewhat difficult to discern, petitioner appears to raise numerous challenges to his sentence enhancement based on a variety of state laws:  (1) Senate Bill 620 which amended California Penal Code § 12022.53 to give courts discretion to strike gun enhancements; (2) Assembly Bill 1618, codified at Penal Code § 1016.8, which prohibits plea bargains conditioned on the defendant's waiver of the benefits of future legislative enactments; (3) Senate Bill 136, codified at Penal Code §667.5(b), which limits one-year sentencing enhancements to defendants whose prior prison terms involved sexually violent offenses; (4) Proposition 57, which provides for parole consideration for those convicted of nonviolent felonies after they have served their sentence, excluding any enhancements; (5) Penal Code § 1385, which permits a judge to dismiss an enhancement; and (6) Penal Code § 1170.1, which bars the imposition of both a gang enhancement and a firearms enhancement in connection with a single offense.  In addition, petitioner argues that his due process and Sixth Amendment rights were violated by his attorney's failure to conduct an investigation, rendering his plea involuntary.

////

---

[1] Along with the motion to dismiss, respondent electronically lodged documents from the state court record.  (See ECF No. 12.)

Respondent subsequently filed the present motion to dismiss (ECF No. 11) and petitioner filed an opposition (ECF No. 13).

**MOTION TO DISMISS**

**I. Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

**II. Statute of Limitations**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

////

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (Within California's state collateral review system, a properly filed petition is considered "pending" under section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time.")

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the

////

rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner may have his untimely-filed case heard on the merits if he can persuade the district court that it is more likely than not that no reasonable juror would have convicted him. McQuiggin v. Perkins, 569 U.S. 383, 400-01 (2013); Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin, 569 U.S. at 399. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. Id.

**III. Discussion**

   **A. Is the Petition Timely?**

      **1. Timeliness Under § 2244(d)(1)(A)**

Petitioner did not appeal his September 24, 2015, sentence. Therefore, petitioner's conviction became final sixty days after he was sentenced when the time for filing a direct appeal expired, or November 23, 2015. Cal. Rules of Court, Rule 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Under subsection (d)(1)(A), the one-year limitation period commenced running the following day, November 24, 2015. 28 U.S.C. § 2244(d)(1)(A); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition under subsection (d)(1)(A) was November 23, 2016.

The earliest possible date petitioner's first state habeas petition could be considered filed is October 22, 2019, which is well after the expiration of the statute of limitations. Accordingly, petitioner is not entitled to statutory tolling during the time period his state petitions were pending. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Once the federal limitations period has expired, it may not be reinitiated by the filing of a state habeas petition, even if that habeas petition was timely under state law.) Therefore, under § 2244(d)(1)(A), the petition is not timely. Because, as explained below, petitioner does not qualify for a later trigger
////

date for the limitations period under the other subsections to § 2244(d)(1), his petition was filed outside the statute of limitations.

### 2. Timeliness Under § 2244(d)(1)(B)

Petitioner does not qualify for a later trigger date for the limitations period under subsection (d)(1)(B) because he does not allege, and this court finds no evidence of, state action which impeded his ability to file a timely petition.

### 3. Timeliness Under § 2244(d)(1)(C)

A petition is timely under subsection (d)(1)(C) if the petitioner's claims rely on constitutional rights newly recognized by the Supreme Court. Some of the laws upon which petitioner relies became effective fairly recently. Senate Bill 620 became effective January 1, 2018 and Assembly Bill 1618 was effective January 1, 2020. However, none of the state laws cited by petitioner provide a later commencement date for the limitations period. Subsection (d)(1)(C) applies only where a new federal constitutional right is recognized by the United States Supreme Court and the Court makes that right retroactively applicable to cases on collateral review. Almost all of petitioner's claims rest solely on state, not federal, law and they are not based on any right recognized by the United States Supreme Court. With respect to petitioner's claim under the Fourteenth and Sixth Amendments, there is no indication it is based on any right recently developed by the United States Supreme Court. Accordingly, subsection (d)(1)(C) is inapplicable here.

### 4. Timeliness Under § 2244(d)(1)(D)

This subsection starts the limitations period on the date the factual predicate to a claim could have been discovered. Because most of petitioner's claims are based on the application of state laws, not new facts, this subsection is inapplicable. See Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005) ("the factual predicate" in § 2244(d)(1)(D) does not encompass mere changes in law). Further, petitioner does not show that he could not have discovered the factual basis for his Fourteenth and Sixth Amendment claim within the one-year limitation period. Therefore, subsection (d)(1)(D) provides no basis for a later trigger date for the statute of limitations.

**5. Must Respondent Show Prejudice?**

In his opposition brief, petitioner argues that the petition may not be dismissed unless respondent shows prejudice from the delay. Petitioner relies on Dumas v. Kelly, 418 F.3d 164, 167-78 (2nd Cir. 2005). Dumas is not applicable here. The court in Dumas considered a respondent's motion for dismissal based on Rule 9(a) of the Rules Governing § 2254 Cases. Under that rule, a showing of prejudice was required. See Dumas, 418 F.3d at 167 (dismissal under Rule 9(a) required a "particularized showing of prejudice" (citing Rule 9(a) and collecting cases).) However, Rule 9(a) was deleted from the Rules Governing § 2254 Cases in 2004. See Advisory Committee Notes to 2004 Amendments to Rule 9, Rules Governing § 2254 Cases. The Advisory Committee Notes show that Rule 9(a) was deleted because it was no longer necessary after the 1996 adoption of a one-year statute of limitations. Under the statute of limitations set out in 28 U.S.C. § 2244(d)(1), respondent need not show prejudice in support of a motion to dismiss for untimeliness.

**B. Is Petitioner Entitled to Equitable Tolling?**

To qualify for equitable tolling of the statute of limitations, petitioner must show that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing his first state petition within the one-year period. Holland, 560 U.S. at 649. Petitioner makes no attempt to explain why he waited almost three years after his conviction was final to file his first state habeas petition. Therefore, there is no basis upon which this court might find equitable tolling.

**C. Does the Actual Innocence Exception Apply?**

Petitioner is also not entitled to the benefit of the actual innocence exception. Petitioner does not allege that he is innocent of the crimes. Rather, in his petition, petitioner contends the ten-year sentencing enhancement was inappropriate under California law and that ineffective assistance of counsel rendered his plea involuntary. Only a "colorable claim of factual innocence" will support this exception. Schlup v. Delo, 513 U.S. 298 (1995). This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Id. at 327; Calderon v. Thompson, 523 U.S. 538, 559 (1998). As the Ninth

Circuit has explained, a petitioner's claim that he was "'actually innocent'" of a sentencing enhancement is "a purely legal claim that has nothing to do with factual innocence." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). Accordingly, the court held that prisoners "generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Id.

The actual innocence exception was described by the Supreme Court as a remedy to the "injustice of incarcerating an innocent individual." McQuiggin, 569 U.S. at 393. Petitioner makes no allegation in his petition or his opposition brief that he is innocent of the crimes to which he plead no contest. The statute of limitations should not be subject to the actual innocence exception.

## MOTION FOR APPOINTMENT OF COUNSEL

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.1986). A court nonetheless may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986); Knaubert, 791 F.2d at 728.

This court concludes that the interests of justice do not require appointment of counsel. Petitioner's claims are time-barred and he presents no basis upon which to think he may be entitled to equitable tolling or any exception to the statute. Further, even if petitioner's claims could be considered timely, he would not prevail on the merits. His claims based on state law are not cognizable in a federal habeas corpus proceeding. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (A federal writ is not available for alleged error in the interpretation or application of state law.) Petitioner's claim based on the Fourteenth and Sixth Amendments is unsupported by any factual allegations and would be subject to dismissal as well. See Rule 2(c), Rules Governing § 2254 Cases (petition must "state the facts supporting each ground"); cf. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (claims unsupported by factual allegations are too vague to rise "above the speculative level" and should be dismissed).

1 | Accordingly, the request for appointment of counsel is denied.

## CONCLUSION

The undersigned finds that all claims in the petition are untimely, petitioner is not entitled to equitable tolling of the limitations period, and petitioner is not entitled to application of the actual innocence exception.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for the appointment of counsel (ECF No. 13) is denied; and

IT IS RECOMMENDED that respondent's motion to dismiss the petition (ECF No. 11) be granted and the petition for writ of habeas corpus be dismissed as untimely.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 15, 2021

DLB:9
DLB1/prisoner-habeas/earl2629.mtd fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE